*Tagged Opinion*



**ORDERED in the Southern District of Florida on July 24, 2017.**

**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | Case No. 09-30656 |
| RICHARD KURZBAN | |
| DALAIN KURZBAN | Chapter 7 |
| Debtors. | |
| _____/ | |

**MEMORANDUM OPINION DENYING CREDITOR'S MOTION**

**TO REOPEN BANKRUPTCY CASE**

This matter came before me on July 5, 2017, on Motion of Creditor the Bank of New York Mellon F/K/A the Bank of New York, as Trustee to Reopen Debtor's Bankruptcy Case and to Compel Surrender of Mortgaged Property (the "Motion") (ECF #32). Bank of New York

Mellon ("BONY") seeks to reopen the Debtors' 2009 bankruptcy case in order to compel the Debtors to surrender their real property located at 8781 S.W. 213th Terrace, Miami, Florida 33189 (the "Property"), consistent with schedules the Debtors filed in that 2009 bankruptcy case. Because BONY dismissed the foreclosure case pending at the time of the 2009 bankruptcy case and thereafter entered into a loan modification procedure with the Debtors, the Eleventh Circuit's ruling in *Failla v. Citibank, N.A.* (*In re Failla*), 838 F.3d 1170 (11th Cir. 2016) is inapplicable and the Motion is DENIED.

## FACTS

On December 21, 2005, Richard Kurzban, executed and delivered to BONY's predecessor-in-interest an adjustable rate note in the principal amount of $240,000 (the "Note"). On that same date, Richard and Dalain Kurzban executed and delivered to BONY's predecessor-in-interest a mortgage (the "Mortgage" and together with the Note the "Loan") that encumbers the Property. The Debtors defaulted on that Loan.

BONY initially filed a foreclosure action against the Debtors on June 4, 2008 (the "First Foreclosure").[1] On September 29, 2009, the Debtors filed their bankruptcy petition. The bankruptcy petition stayed the First Foreclosure. The Debtors indicated in their bankruptcy schedules that they would surrender the Property. The Debtors received their discharge on January 11, 2010, without having surrendered the Property. However, the parties were actively engaged in modification discussions and on March 15, 2011, BONY voluntarily dismissed the First Foreclosure.

---

[1] Circuit Court of Miami-Dade County Case No. 08-032418-CA-01.

Over five years after dismissing the First Foreclosure, on May 29, 2016, BONY filed a second foreclosure action in the Circuit Court of Miami-Dade County (the "Second Foreclosure")[2]. On May 23, 2016, Richard Kurzban filed an answer and affirmative defenses to the Second Foreclosure complaint. On June 15, 2017, over a year after the answer and affirmative defenses were filed, BONY filed the Motion.

## ANALYSIS

In seeking its relief, BONY relies on the Eleventh Circuit *Failla* opinion. In *Failla* the Eleventh Circuit ruled that debtors who were involved in a foreclosure proceeding during their bankruptcy case and indicated on their bankruptcy schedules an intent to surrender the property subject of the foreclosure proceeding could not oppose the foreclosure proceeding in state court after the issuance of their discharge. The Eleventh Circuit affirmed the district court's opinion which concluded that:

> consistent with the bankruptcy court's determination, that once the debtor decides to "surrender" secured property, the debtor has abandoned any interest or claim that he may have had to the property as against the trustee, if the trustee decides to administer the property, or against any secured creditor the debtor listed in the filed schedules as having a valid, undisputed, non-contingent and enforceable secured lien on the property. While the debtor need not physically deliver the property to the secured party, the debtor is precluded from taking any action which would interfere with the secured creditor's ability to obtain legal title to, and possession of, the property through legal means.

*In re Failla,* 542 B.R. 606 (S.D. Fla. 2015) (referencing *In re Failla*, 529 B.R. 786 (Bankr. S.D. Fla. 2014)).

However, the Eleventh Circuit did not rule that a debtor's decision to surrender lasted in perpetuity no matter what might occur subsequent to that decision. What if the secured creditor

---

[2] Case. No. 16-007921-CA-01.

subsequently took some action in the foreclosure proceeding the consequence of which would constitute forfeiture of its right to foreclose? What if, after the bankruptcy case, and during the pendency of the foreclosure case, the lender and debtor entered into a loan modification? What if, as in this case, the creditor voluntary dismissed its foreclosure action after the decision to surrender was made and entered into negotiations with the debtor to modify the loan?

In this case I don't need to address any circumstance other than the last. BONY made the decision to abandon its foreclosure efforts and enter into modification negotiations with the Debtors. It was seven years after the Debtors received their bankruptcy discharge, five years after the First Foreclosure was dismissed, and only after those modification efforts proved unsuccessful[3] that BONY filed the Second Foreclosure, presumably based on new, post-bankruptcy discharge defaults.[4] Thus, BONY's assertion that the Debtors' decision to surrender the homestead in their 2009 bankruptcy, has any relevance whatsoever to the Second Foreclosure is, at best, specious.[5]

---

[3] It is not clear, and BONY's counsel did not know, whether the Debtors and BONY ever entered into the modification after the trial period. What is undisputed is that the Second Foreclosure was not filed until several years after the First Foreclosure was voluntarily dismissed.

[4] Even under the *Bartram* decision, BONY could not bring an action on the defaults alleged in the First Foreclosure. In *Bartram v. U.S. Bank Nat'l Assoc.*, 211So.3d 1009 (Fla. 2016), the Supreme Court of Florida held that a "Bank's attempted prior acceleration in a foreclosure action that was involuntarily dismissed did not trigger the statute of limitations to bar future foreclosure actions based on separate defaults."

[5] In Debtors' Response to Creditor, the Bank of New York Mellon F/K/A the Bank of New York, as Trustee's Motion to Reopen Debtors' Bankruptcy Case and to Compel Surrender of Mortgaged Property (the "Response) (ECF #36) and at the hearing, Debtors' argued, without contradiction, that BONY waited over a year after the Second Foreclosure was filed to seek to reopen the bankruptcy case, and only filed the motion when the Debtors filed an action in District Court against BONY's loan servicer, Specialized Loan Servicing, for violations of the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act  Thus, the Debtors' argue, BONY waited too long. Based on my ruling, I do not need to address the delay, or BONY's motives, in filing the Motion.

CONCLUSION

This is an easy case. There is absolutely no basis under the *Failla* decision to support the relief that BONY has sought. A debtor's decision to surrender may be binding in a foreclosure action pending, or ripe for filing, at the time of the bankruptcy case in which the intent to surrender is made, but it certainly is not binding in a subsequent foreclosure action, which action, under applicable non-bankruptcy law, can only relate to defaults that did not even exist at the time the decision to surrender was made. As there is no purpose in reopening this bankruptcy case, BONY's motion is DENIED.

# # #

Copies furnished to:

Timothy S. Kingcade, Esq.

*Attorney Kingcade is directed to mail a copy of this Order to all interested parties and file a Certificate of Service with the Clerk of the Bankruptcy Court.*